# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAMILAH J.,

      Plaintiff,

      v.

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 19-2186-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 8) for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff seeks review of the

Commissioner's denial of her applications for a period of disability and disability benefits

pursuant to Title II and social security income pursuant to Title XVI of the Social Security Act

("the Act"). Defendant contends that there has been no "final decision" by the Commissioner, as

required by section 205(g) of the Act, 42 U.S.C. § 405(g), and thus the Court lacks jurisdiction.

Plaintiff did not file a response.

On July 13, 2017, Plaintiff applied for disability insurance benefits under Title II and

Title XVI of the Act. Plaintiff's applications were denied initially and upon reconsideration.

She filed a written request for a hearing which was held on October 26, 2018. An administrative

law judge issued an unfavorable opinion on January 16, 2019. Plaintiff filed a request for review

of the hearing decision with the Appeals Council on February 11, 2019. Plaintiff's request to the

Appeals Council is still pending.[1]  On April 12, 2019, Plaintiff filed in this Court seeking judicial

review.

Judicial review is authorized by 42 U.S.C. § 405(g), which provides in part that "[a]ny

individual, *after any final decision* of the Commissioner of Social Security made after a hearing

to which [s]he was a party . . . may obtain a review of such decision by a civil action commenced

within sixty days after the mailing to [her] of notice of such decision . . . ."  In addition, 42

U.S.C. § 405(h) provides in part: "No findings of fact or decision of the Secretary shall be

reviewed by any person, tribunal or governmental agency except as herein provided."

The term "final decision" has not been defined in the Act, but "its meaning is left to the

[Commissioner] to flesh out by regulation."[2]

Social security regulations provide procedures for the administrative review process.  In

general, the steps are as follows:  (1) an initial determination; (2) if the claimant is dissatisfied

with the initial determination, the claimant can seek reconsideration; (3) if the claimant is

dissatisfied with the reconsideration determination, the claimant can request a hearing before an

administrative law judge ("ALJ"); (4) if the claimant is dissatisfied with the ALJ's

determination, the claimant can appeal to the Appeals Council; and (5) once the Appeals Council

has rendered its decision, the claimant can request judicial review in federal district court.[3]

Generally, a claimant can only obtain judicial review after the Appeals Council has denied the

---

[1] Defendant filed a Declaration from Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, in which she declared that Plaintiff's review request to the Appeals Council remains pending. Doc. 9-1, pp. 2-3.

[2] *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

[3] *See* 20 C.F.R. § 416.1400(a)(1)-(5); 20 C.F.R. § 404.900(a)(1)-(5) (explaining the steps in the administrative review process for benefits).

claimant's review or issued its own determination.[4]  Thus, it is only after the Appeals Council's

decision that a "final decision" has been rendered enabling the claimant to seek judicial review

pursuant to 42 U.S.C. § 405(g).

In this case, Plaintiff filed suit in this Court on April 12, 2019, prior to a decision from

the Appeals Council.  Thus, no "final decision" has been issued yet.  Accordingly, the Court

lacks jurisdiction to review this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

Dismiss (Doc. 8) is **granted**.

**IT IS SO ORDERED.**

Dated: September 25, 2019

s/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4] *See* 20 C.F.R. § 422.210(a).